UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, Plaintiff, | Civil Action No. 00-891 JMR/FLN |
| v. | |
| ROBERT R. HIBBS, Defendant. | |

**FINAL JUDGMENT AS TO ROBERT R. HIBBS**

Plaintiff, the United States Securities and Exchange Commission (the "Commission"), having filed its Complaint, and defendant Robert R. Hibbs ("Hibbs") in his Consent of Robert R. Hibbs (the "Consent"), filed simultaneously with this Final Judgment as to Robert R. Hibbs (the "Final Judgment") and incorporated herein by reference, having entered a general appearance, having admitted this Court's jurisdiction over him and over the subject matter of this action, having waived service of the Summons and Complaint, having waived filing of an Answer, having waived the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure and, without admitting or denying any of the allegations of the Complaint, except as to jurisdiction, to which he admits, having consented to the entry of this Final Judgment, and it further appearing that this Court has jurisdiction over Hibbs and the subject matter hereof, and this Court being fully advised in the premises:

**I.**

IT IS ORDERED, ADJUDGED AND DECREED that Hibbs, his agents, servants, employees and attorneys-in-fact, and those persons in active concert or in participation with him who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and hereby are permanently enjoined and restrained from violating Section

FILED APR 14 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD APR 14 2000
DEPUTY CLERK

10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, by

(a) employing any device, scheme, or artifice to defraud,

(b) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(c) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.

**II.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Hibbs, his agents, servants, employees and attorneys-in-fact, and those persons in active concert or in participation with him who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and hereby are permanently enjoined and restrained from violating Section 14(e) and of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78n(e)] and Rule14e-3 promulgated thereunder [17 C.F.R. § 240.14e-3] by:

(a) making any untrue statement of a material fact or omitting to state any material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or

(b) engaging in any fraudulent, deceptive, or manipulative acts or practices,

in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request or invitation.

**III.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Hibbs be and hereby is permanently prohibited from acting as an officer or a director of any issuer that has a

class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 781] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Consent of Robert R. Hibbs, be, and the same hereby is, incorporated herein with the same force and effect as if fully set forth herein.

V.

There being no just cause for delay, the Clerk of the Court is directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Final Judgment forthwith and without further notice.

DATED: April 12, 2000

United States District Judge